UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN KAHAKILI MENDONCA and GLACKIN, LLC, a Hawaii limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a national banking association,<br><br>Defendant. | Case No. 5:26-cv-05479-SVK<br><br>*(and the Related Actions listed in Schedule A hereto)*<br>*This document relates to all actions*<br><br>~~[PROPOSED]~~ **ORDER (1) CONSOLIDATING RELATED ACTIONS FOR PRETRIAL PURPOSES PURSUANT TO FED. R. CIV. P. 42(a); AND (2) SETTING BRIEFING SCHEDULE AND PAGE LIMITS FOR DEFENDANT'S OMNIBUS MOTION TO DISMISS** AS MODIFIED<br><br>Re: Dkt. No. 16 |

On September 9, 2026, the Court found that the actions identified in Schedule A, attached hereto, (the "Related Actions") are related to this action within the meaning of Civil L.R. 3-12(a) and ordered each of them reassigned to the undersigned. Dkt. No. 16 (the "Relating Order"). All parties in this action and in each of the Related Actions have since consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Pursuant to paragraph 3 of the Relating Order, counsel for Plaintiffs in this action and in the Related Actions (collectively, "Plaintiffs") and counsel for Defendant JPMorgan Chase Bank, N.A. ("Chase") met and conferred on September 16, 2026, regarding (a) whether this action and the Related Actions should be consolidated for some or all purposes under Federal Rule of Civil Procedure 42(a), and (b) an efficient briefing schedule for Chase's responsive pleadings. The parties jointly submit this proposed order as permitted by paragraph 3(c) of the Relating Order.

Having considered the parties' joint proposal, the pleadings in this action and the Related Actions, and the requirements of Rule 42(a), and good cause appearing therefor, the Court ORDERS as follows:

## I. CONSOLIDATION FOR PRETRIAL PURPOSES

1. **Consolidation.** Pursuant to Federal Rule of Civil Procedure 42(a)(2), this action and the Related Actions (collectively, the "Consolidated Actions") are consolidated for discovery, pre-trial, and motion purposes based on the fact they involve common questions of law and fact. The parties reserve their right to conduct discovery related to each Consolidated Action should any specific issue, related only to one Consolidated Action, arise.

2. **Effect of Consolidation.** Consolidation is ordered for purposes of efficiency and economy only. Each of the Consolidated Actions retains its separate identity. *See Hall v. Hall*, 584 U.S. 59, 77 (2018). Consolidation does not merge the Consolidated Actions into a single action; does not make any plaintiff a party to any action other than the action he, she, or it filed; does not require the filing of a consolidated or master complaint; and does not enlarge, diminish, or otherwise alter the claims, defenses, rights, or obligations of any party in any of the Consolidated Actions, including any party's right to a separate jury trial. Separate judgments shall be entered in each of the Consolidated Actions.

3. **Master File.** The above-captioned action, *Mendonca, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 5:26-cv-05479-SVK, is designated the Master File for the Consolidated Actions. Unless the Court orders otherwise, every document that pertains to all of the Consolidated Actions shall be filed only in the Master File and need not be filed separately in the individual Consolidated Actions. A document that pertains to fewer than all of the Consolidated Actions shall be filed in the Master File and shall also be filed in each individual Consolidated Action to which it pertains.

4. **Master Caption.** Every document filed in the Master File shall bear the caption of this action, followed by the words "and Related Actions listed in Schedule A to Dkt. No. [__]" and, immediately beneath the case number, a notation reading either "This Document Relates To: All Actions" or "This Document Relates To:" followed by the case number(s) of each Consolidated Action to which the document pertains.

5. **Later-Filed Related Actions.** Any action hereafter filed in this District against Chase arising from the alleged scheme operated by Mark Anthony Sawyer through ACM North, LLC and its Chase account ending in x3055 that is related to this action by order under Civil L.R. 3-12 (each, a "Later-Filed Action") shall, upon entry of the order relating it, be deemed one of the Consolidated Actions and shall be governed by this Order without further order of the Court, subject to paragraph 12 below. Plaintiffs' counsel shall file an Administrative Motion to Consider Whether Cases Should Be Related under Civil L.R. 3-12(b) in the Master File within seven (7) days after the filing of each such Later-Filed Action.

## II. OMNIBUS MOTION TO DISMISS

6. **Single Omnibus Motion.** In lieu of separate responsive pleadings or motions in each of the Consolidated Actions, Chase shall respond to the complaints in all of the Consolidated

Actions by a single omnibus motion under Federal Rule of Civil Procedure 12 (the "Omnibus Motion"), filed in the Master File and directed to the complaint in each of the Consolidated Actions. The Court's ruling on the Omnibus Motion shall apply in, and shall be entered on the docket of, each of the Consolidated Actions.

7. **Common and Plaintiff-Specific Arguments.** The Omnibus Motion shall present the grounds for dismissal that Chase contends are common to all of the Consolidated Actions. To the extent Chase contends that any ground for dismissal applies to fewer than all of the Consolidated Actions, Chase shall present that ground in a separately captioned section of the Omnibus Motion that identifies each Consolidated Action and each plaintiff to which the ground applies (each, a "Plaintiff-Specific Argument"). Plaintiffs shall respond to any Plaintiff-Specific Argument in a correspondingly captioned section of their opposition. Nothing in this paragraph alters the operation of Federal Rule of Civil Procedure 12(g) or 12(h).

8. **Briefing Schedule.** The Omnibus Motion shall be briefed and heard on the following schedule, which supersedes the deadlines that would otherwise apply under Civil L.R. 7-2 and 7-3:

   a. Chase shall file the Omnibus Motion on or before October 27, 2026;

   b. Plaintiffs shall file a single consolidated opposition on or before November 25, 2026;

   c. Chase shall file its reply on or before December 21, 2026; and

   d. The Omnibus Motion shall be heard on January 26, 2027, at 10:00 a.m., or on such other date as the Court may set.

9. **Page Limits.** Notwithstanding Civil L.R. 7-2(b) and 7-4(b), the memorandum of points and authorities in support of the Omnibus Motion shall not exceed thirty-five (35) pages;

Plaintiffs' consolidated opposition shall not exceed thirty-five (35) pages; and Chase's reply shall not exceed twenty-five (25) pages. These limits exclude the caption, notice of motion, tables of contents and authorities, signature blocks, and exhibits, but include any appendix, chart, or table that contains argument or summarizes the allegations of any individual complaint.

### III. CASE MANAGEMENT

10. **Existing Dates Vacated.** All case management conferences previously set in the Related Actions, and all deadlines associated with them that have not yet passed, including deadlines for joint case management statements and for initial disclosures under Federal Rule of Civil Procedure 26(a)(1), are VACATED.

11. **Consolidated Case Management Conference.** ^ Following an order on the Omnibus Motion to Dismiss, the Court will set a consolidated initial case management conference in the Master File. The parties shall file a single joint case management statement covering all of the Consolidated Actions in the Master File not later than seven (7) days before the conference, in the form required by the Standing Order for All Judges of the Northern District of California and the undersigned's Civil Standing Order, with the parties' proposed case schedule set forth as the first item of the statement. In all Consolidated Actions in which initial disclosures have not yet been served, the parties shall serve initial disclosures not later than [fourteen (14)] days after the consolidated case management conference, unless the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Susan van Keulen

HON. SUSAN VAN KEULEN
United States Magistrate Judge